IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 08-2446-STA |
| LARRY SIMPSON, as natural parent and next friend of VALEWIS SIMPSON, a minor, RUBY WHARTON, in her capacity as Court appointed Guardian of VALEWIS SIMPSON, BARBARA CARR, JODIE INGRAM, LINDA FOWLER, SHEILA LANCASTER, ESTHER LAMAR FOWLER-GLENN, and THE ESTATE OF VALERIE CARR, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

---

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES**

---

Before the Court is Plaintiff Life Insurance Company of North America ("LINA")'s Motion for Attorney Fees (D.E. # 40) filed September 19, 2009. Defendant Ruby Wharton, Temporary Guardian of the Estate of Valewis Simpson, has filed a response in opposition to Plaintiff's Motion, in which Defendant Barbara Carr has joined. The Court held a hearing on the Motion on August 18, 2010. For the reasons set forth below, the Motion is **GRANTED** in part.

**BACKGROUND**

1

On July 11, 2008, Plaintiff filed a Complaint for Interpleader with this Court.[1] In its Complaint, Plaintiff alleged that LINA issued a life insurance policy to Valerie Carr via her employer, United Technologies Corporation, Inc. (Compl. ¶¶ 9-10). Valerie Carr, the insured, died on November 8, 2007. (*Id*. ¶ 14). The insured's estate was opened in the Probate Court of Shelby County, Tennessee, and a dispute arose regarding the proper beneficiary of the policy. (*Id*. ¶¶ 15, 16). Plaintiff deposited with the Clerk of Court the sum of $220,000.00, the amount due of the benefit under group life insurance policy no. FL1980002/52096 issued by Plaintiff to United Technologies, Inc. and insuring the life of Valerie Carr. Following Plaintiff's deposit of the funds with the Court and the dismissal of a counterclaim against Plaintiff, the Court discharged Plaintiff from the suit.[2]

In the Motion before the Court, Plaintiff seeks attorney fees in the amount of $14,539.60 from the policy proceeds. In the alternative, Plaintiff requests attorney fees of $6,911.30 incurred in drafting and filing its motion to dismiss Defendants' counterclaim. Plaintiff argues that the attorney fees sought are reasonable and satisfy all of the showings required for an award of fees. Plaintiff has no interest in the policy proceeds and has conceded liability. Plaintiff has deposited the proceeds into Court and has been discharged from the case. Plaintiff was required to file this action solely for the purpose of disposing of the proceeds. Plaintiff contends that the award of attorney fees is reasonable because it has been kept in the case by Defendants without justification. Defendant Wharton alleged in her counterclaim that Plaintiff had not been

---

[1] Plaintiff later filed an Amended Complaint for the purpose of naming Defendant Ruby Wharton as a party to this action. Mot. Amend Compl. 2, Dec. 1, 2008.

[2] Order Granting Mot. for Order of Discharge, Dismissal, and Permanent Inj. & to Dismiss Countercl. July 16, 2009.

forthcoming or cooperative in producing documents about Ms. Carr's designation of beneficiary. However, Defendants have never identified what documents Plaintiff allegedly refused to provide.  Defendants have never sought discovery from Plaintiff and failed to respond to Plaintiff's motion to dismiss and for discharge.  Under the circumstances, Plaintiff argues that its requested attorneys fee would not unduly diminish the policy proceeds.

In its alternative argument, Plaintiff seeks only those attorney fees associated with its motion for discharge, dismissal, and permanent injunction and motion to dismiss counterclaims. Plaintiff asserts that Defendant had no basis to keep Plaintiff in the case and that but for Defendants' refusal to discharge Plaintiff, Plaintiff would not have been forced to file its motions for discharge and dismissal.  Accordingly, Plaintiff requests $6,911.30 in attorney fees.

In opposition to Plaintiff's Motion, Defendant Wharton denies that Defendants engaged in any conduct to increase Plaintiff's costs and attorney fees.  On the contrary, Plaintiff declined to respond to the beneficiaries requests for documents.  Although Defendants made the request in writing, Plaintiff responded by filing its motion to dismiss.  Defendant Wharton further argues that Plaintiff "stone-walled" the attorney for the decedent's estate, Julian Bolton.  In light of the fact that the policy proceeds enure to the benefit of the insured's eight-year-old child, Defendant Wharton contends that an award of attorney fees in excess of $14,000.00 is "outrageous, unjustified, and unreasonable."  Defendant also opposes the reduced award of $6,911.30 as excessive and unreasonable.  While conceding that the Court has the discretion to award attorney fees, Defendant Wharton asks the Court to deny Plaintiff's request or consider a more modest award.  Defendant Barbara Carr had joined in Defendant Wharton's response.

## ANALYSIS

"Neither Rule 22 nor the interpleader statute contains an express reference to costs or attorney's fees."[3] An interpleading party is entitled to recover costs and attorney fees when it is (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability.[4] The only limiting principle is reasonableness, and it is at the discretion of the Court to determine what award is appropriate.[5] Federal courts may award attorney fees to the stakeholder, "whenever it is fair and equitable to do so."[6]

The Court finds that an award of attorney fees to Plaintiff is reasonable under the circumstances. It is undisputed that Plaintiff has demonstrated the relevant factors to justify recovery of attorney fees and that the Court has the discretion to award Plaintiff its reasonable attorney fees. The Court believes that an award of fees in this case is more appropriate for Plaintiff's expenses related to the motion to dismiss. Defendant Wharton filed the counterclaim against Plaintiff alleging that Plaintiff had failed to produce documentation sought by the estate of the decedent. There is no evidence before the Court, however, that prior to filing the counterclaim, the estate or any Defendant ever sought discovery from Plaintiff by subpoena or

---

[3] *Holmes v. Artists Rights Enforcement Corp. (AREC)*, 148 F. App'x 252, 259, 2005 WL 2175916, at *5 (6th Cir. 2005) (quoting 7 Wright, Miller & Kane, *Federal Practice and Procedure: Civil* § 1719 (3d ed. 2001).

[4] *Id*. (citing *Septembertide Publishing v. Stein and Day,* 884 F.2d 675 (2d Cir.1989)).

[5] *First Trust Corp. v. Bryant*, 410 F.3d 842, 856 (6th Cir. 2005) (citation omitted); *Holmes*, 148 F. App'x at 259 (citing 7 Wright, Miller & Kane, supra, § 1719).

[6] *Holmes*, 148 F. App'x at 259.

4

any other discovery device provided under the Rules of Civil Procedure.[7]  Moreover, when Plaintiff did produce the beneficiary forms for *in camera* review, the forms were ambiguous and did not resolve the dispute over the proceeds.  Therefore, even if the forms were produced much earlier, the dispute over the proper beneficiary would have remained.[8]

Having determined that an award of attorney fees for preparing and filing the motion to dismiss is reasonable, the Court must determine what amount of fees Plaintiff should receive. Plaintiff has submitted proof that its attorney fees for the motion to dismiss totaled $6,911.30. However, counsel for Plaintiff has not attached an itemized accounting of their time and rates in connection with preparing the motion to dismiss the counterclaim.  In consideration of the fact that Plaintiff had two attorneys working on the case, the Court finds that an award of twelve (12) hours of attorney time, six (6) hours for each attorney, is reasonable under the circumstances. Plaintiff's motion to dismiss and memorandum consisted of scarcely ten pages of procedural background and substantive legal argument.  The legal issues briefed were very straightforward: whether Plaintiff should be discharged from the case and whether Defendant Wharton could state

---

[7] Although the estate subpoenaed Valerie Carr's employer and the third party administrator of her life insurance policy CIGNA, there is no evidence that LINA was ever subpoenaed.  The record also shows that Defendant Wharton never propounded discovery to LINA, even after she filed the counterclaim.  Defendant filed her counterclaim on February 12, 2009.  Plaintiff's counsel wrote a letter on February 17, 2009, to counsel for Defendant Wharton requesting a list of the documents Defendants sought from LINA.  Ex. 1, Pl.'s Mot. Attorney Fees.  Counsel for Defendant Wharton apparently did not respond in writing until May 13, 2009, and even then confirmed that no written discovery was ever served on LINA, stating "I hope that we can do this without filing a request for production of documents."  Ex. 2, Pl.'s Mot. Attorney Fees.

[8] The matter of the proper beneficiary was resolved only after Defendant Barbara Carr appeared in person at the June 15, 2010 hearing and stated her willingness for the funds to be held in trust for the minor.

a counterclaim for general bad faith.  Most importantly, the motion to dismiss was filed a little more than 24 hours after the filing of the counterclaim. Defendant Wharton filed her Counterclaim (D.E. # 31) on February 12, 2009, at 11:09 A.M.  Plaintiff then filed its motion to dismiss the following day, February 13, 2009, at 4:42 P.M.  The Court finds that a reasonable award of fees should be based on no more than twelve (12) hours of attorney time.  Applying a reasonable hourly rate of $250.00 for the type of work involved, the Court concludes that an award of attorney fees in the amount of $3,000.00 is reasonable in this case.

Therefore, Plaintiff is awarded its reasonable attorney fees of $3,000.00 associated with its motion to dismiss the counterclaim.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 1st, 2010.